## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Application of EDUARDO COHEN
WATKINS for an Order Pursuant to 28 U.S.C.
§ 1782 to Conduct Discovery for Use in Foreign
Proceedings

Case No:   1:24-mc-22

### *EX PARTE* APPLICATION AND PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner Eduardo Cohen Watkins submits this *ex parte* application under 28 U.S.C. § 1782 in connection with a Nullity Action proceeding C/16641/2023 on one part and the Reduction Action proceeding C/18590/2023 on the other part pending in the Canton of Geneva, Switzerland (together, the "Swiss Actions").  Petitioner respectfully requests that this Court grant his application and permit the issuance of the requested subpoenas on Mr. Richard Rothberg and Mr. Stephen Gardner, the current and former Trustees, respectively, of the Lily Safra 2012 Trust. A proposed form of order and the subpoenas petitioner requests to serve on Mr. Rothberg and Mr. Gardner are attached as Exhibit A and Exhibits B and C, respectively, to the accompanying declaration of Jordan Alston ("Alston Decl.").[1]

## I.      INTRODUCTION

Lily Safra, a philanthropist and art collector, passed away in July 2022 in Geneva, Switzerland.  Petitioner Eduardo Cohen Watkins is the son of Lily Safra.  In August 2023, Petitioner Cohen initiated a Request for Conciliation proceeding in view of a Nullity Action proceeding in the Court of First Instance of the Canton of Geneva to, among other things, obtain a declaration that some of the Wills of Mrs. Safra are null and void and an order instructing

---

[1] This Application is based on the arguments and authorities set forth herein, as well as the accompanying declarations of Jordan Alston and David Wilson.

defendants named in the action to turn over all information relevant to determining the value of the estate.  One month after Petitioner initiated that proceeding, one of the defendants in that proceeding, Carlos Monteverde, filed a Reduction Action proceeding in the same court.  Mr. Monteverde alleges that Mrs. Safra legally adopted him.  In his Reduction Action proceeding, Mr. Monteverde seeks, among other things, a declaration that he is a forced heir to Mrs. Safra's estate, as well as a determination of the value of the estate.  Mr. Cohen is one of the defendants in Mr. Monteverde's Reduction Action proceeding.

Petitioner brings this action pursuant to Section 1782 to obtain discovery from Mr. Rothberg for use in the Swiss Actions.  Mr. Rothberg is the current Trustee of the Lily Safra 2012 Trust; Mr. Gardner was the previous Trustee before he was succeeded by Mr. Rothberg.  The Lily Safra 2012 Trust owns significant assets in New York, including an apartment.

Petitioner is informed and believes that Mr. Rothberg and Mr. Gardner have in their possession documents and information relating to Mrs. Safra's estate, various trusts, and possibly testamentary documents—all of which will be relevant in the pending Swiss Actions.   Among other things, it appears that Mr. Rothberg and Mr. Gardner know of assets beyond those in the Lily Safra 2012 Trust, including valuable artworks that may belong to other entities but are currently located in the New York apartment owned by the Lily Safra Trust.  Wilson Decl. ¶ 17.  In addition, on information and belief, Mr. Rothberg and Mr. Gardner may have had communications with other individuals responsible for managing other aspects of Mrs. Safra's affairs and estate, including the Safra family office that administered many of the assets at issue in the foreign proceedings.  *Id.*

The statutory requirements are easily satisfied here, and the discretionary factors to be considered by the Court weigh in Petitioner's favor, as summarized in the following chart:

| **Statutory Requirements**<br>**28 U.S.C. § 1782(a)** | |
|---|---|
| (1) The application must be made by an interested person | Petitioner is a party in the Swiss Actions: he is the Claimant in the Nullity Action proceeding and a defendant in the Reduction Action proceeding. |
| (2) The discovery must be for use in a proceeding before a foreign tribunal | The documents and testimony are relevant to the Swiss Actions and capable of submission in the Swiss Actions because discovery is ongoing.  Wilson Decl. ¶ 32. |
| (3) The person from whom discovery is sought must reside or be found in the district where the application is made | Mr. Rothberg and Mr. Gardner reside in this district. |
| **Discretionary Factors**<br>***Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)** | |
| (1) The discovery is sought from a nonparty | Mr. Rothberg and Mr. Gardner are not parties to the Swiss Actions. |
| (2) The receptivity of the foreign government to U.S. federal court judicial assistance | Swiss courts have previously been receptive to Section 1782 discovery, and Swiss counsel has attested that they will be receptive in these proceedings.  Wilson Decl. ¶¶ 32–33. |
| (3) Whether the petitioner seeks discovery in good faith. | The evidence from Mr. Rothberg and Mr. Gardner is sought in good faith and this request is not an abuse of process. |
| (4) Whether the request is unduly intrusive or burdensome | The discovery requests are narrowly tailored to information in the possession of Mr. Rothberg and Mr. Gardner about the Safra estate, various trusts, and testamentary documents, which is highly relevant to the Swiss Actions. |

Mr. Cohen respectfully requests that the Court grant the application.

## II.   BACKGROUND

### A.  Relevant Persons and Parties

Mr. Cohen is a collector and dealer of antiques, and he is the son of Lily Safra.  Mr. Cohen currently resides in Portugal.

Mrs. Safra, who passed away in July 2022, was a philanthropist and art collector.  As part of her philanthropy, she supported projects related to education, science, medicine, religion, culture, and humanitarian relief, including through the Edmund J. Safra Philanthropic Foundation.

Mr. Carlos Monteverde alleges that he is the biological son of Mrs. Safra's previous husband Alfredo Monteverde, who passed away in 1969.  Mr. Monteverde also alleges that Mrs. Safra legally adopted him following the death of his father.

Mr. Rothberg is the trustee of the Lily Safra 2012 Trust, which owns significant assets in New York, including an apartment. He is also an attorney at Pierro, Connor & Strauss, LLC, and a member of the New York State Bar.  Wilson Decl. ¶ 10.

Mr. Gardner is the former trustee of the Lily Safra 2012 Trust.  On information and belief, Mr. Gardner is a resident of New York.  Wilson Decl. ¶ 11.

### B.  The Swiss Actions

In this Section 1782 action, Mr. Cohen seeks discovery from Mr. Rothberg and Mr. Gardner in aid of two actions pending in Swiss courts in which Mr. Cohen is a named party.

Mr. Cohen is the claimant in the Nullity Action proceeding C/16641/2023 which he filed in the Court of First Instance of the Canton of Geneva in August 2023.  Wilson Decl., Ex. B.  Mr. Cohen has asked that court to declare that some of the Wills of Mrs. Safra are null and void.  The Nullity Action proceeding further asks the Court of First Instance to enter an order requiring

defendants to provide all information available to them that would aid in assessing the contents and value of Mrs. Safra's estate.

Mr. Cohen is a defendant in the Reduction Action proceeding C/18590/2023 filed by Mr. Monteverde in the Court of First Instance of the Canton of Geneva in September 2023.  Wilson Decl., Ex. C.  Mr. Monteverde has petitioned the Court of First Instance to recognize him as a forced heir of Mrs. Safra's estate and to enter an order requiring defendants to produce all documents necessary to determining the value of the Safra estate.

Mr. Rothberg and Mr. Gardner are not parties to either Swiss Action.

**C.  The Need for Discovery from Mr. Rothberg and Mr. Gardner**

The resolution of the Swiss Actions, and subsequent distribution of the Safra estate, will require an accounting and valuation of the assets in the Safra estate and of various trusts containing Mrs. Safra's assets.  It will also require a determination of the rightful heirs to Mrs. Safra's estate. At present, Mr. Cohen does not possess a full accounting of those assets.  Information in Mr. Rothberg's and Mr. Gardner's possession relating to the Safra estate and trusts would likely be highly probative of what assets are in the estate versus in the trusts, the location of those assets, and the value of those assets.  Any insight Mr. Rothberg and Mr. Gardner can provide regarding the location and value of those assets, and the ownership structures relevant to those assets, is thus relevant to the Swiss Actions.

Mr. Rothberg and Mr. Gardner are in a particularly good position to provide such information as the trustee and former trustee, respectively, of the Lily Safra 2012 Trust.  The Lily Safra Trust owns significant assets in New York, including an apartment.  Inside that apartment are additional significant assets, such as valuable artwork, that may belong to the Safra estate, Safra trusts, or other entities.  What is more, Mr. Rothberg and Mr. Gardner as trustees of the Lily

Safra 2012 may have communicated with other individuals responsible for managing other aspects of Mrs. Safra's affairs and estate, including the Safra family office that administered many of the assets at issue in the foreign proceedings.

## III.   ARGUMENT

28 U.S.C. § 1782 empowers a district court to order discovery in the United States for use in a foreign tribunal.  Section 1782 was designed "to liberalize the assistance given to foreign and international tribunals."  *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 453 (S.D.N.Y 2018), *aff'd*, 939 F.3d 520 (2d Cir. 2019).  Section 1782 thus contains only "modest prima facie elements," consistent with "Congress's goal of providing equitable and efficacious discovery procedures."  *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998).  Petitioner Cohen easily satisfies those modest requirements of Section 1782.

### A.   This Court Routinely Grants Section 1782 Discovery Upon a Petitioners' Satisfaction of Statutory and Discretionary Factors

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  Congress enacted Section 1782 "to provide federal-court assistance in gathering evidence for use in foreign tribunals" and has expanded its scope over time to "*strengthen* the power of district courts to respond to requests for international assistance."  *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (emphasis in original); *see also In re Bayer AG*, 146 F.3d at 191–92 (noting that subsequent amendments to 1782 were "designed to facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership

position among world nations in this respect").  Pursuant to Section 1782, "any interested person" may apply to a district court for an order permitting him or her to take discovery "for use" in a foreign proceeding.  *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 90 (2d Cir. 2012)).

The statutory requirements to obtain discovery under Section 1782 are simple and few:  the statute requires "only that the application be made (1) 'by a foreign tribunal' or 'any interested person,' (2) that it be 'for use in a proceeding in a foreign or international tribunal,' and (3) that the person or entity from whom the discovery is sought be a resident or be found in the district in which the application is filed."  *In re Bayer AG*, 146 F.3d at 193 (quoting *Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996)).  The discovery itself, however, can be outside of this district and can even be extraterritorially located.  *See In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019).

Once the statutory requirements are met, a district court is free to grant discovery in its discretion.  The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, identified four factors a district court may consider in determining whether to grant a Section 1782 Application: (1) whether the respondent from whom discovery is sought is a "participant in the foreign proceeding"; (2) the receptivity of the foreign tribunal to U.S. court assistance; (3) whether the Section 1782 request is brought in good faith and not an abuse of process; and (4) whether the discovery sought is "unduly intrusive or burdensome."  542 U.S. 241, 264–65 (2004).

This court routinely grants Section 1782 applications, and routinely does so *ex parte*, based on the satisfaction of the statutory and discretionary factors.  *See, e.g.*, *In re Tethyan Copper Co. Pty. Ltd.*, No. 21-MC-377, 2022 WL 1266314, at *1 (S.D.N.Y. Apr. 28, 2022) (granting *ex parte* application); *In re First Monolith Inc.*, No. 20-MC-735, 2021 WL 1093658, at *1 (S.D.N.Y. Feb.

1, 2021) (same); *In re Investbank PSC*, No. 20-MC-260, 2020 WL 8512850, at *1 (S.D.N.Y. Dec. 30, 2020) (same).  As the Second Circuit has observed, it is "neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.  The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."  *Gushlak v. Gushlak*, 486 Fed. App'x. 215, 217 (2d Cir. 2012) (collecting cases).

### B.  <u>The Requested Discovery Satisfies the Statutory Requirements of Section 1782</u>

Petitioner easily meets the statutory requirements for discovery under Section 1782.

#### 1.  <u>Mr. Cohen is an Interested Person</u>

First, as the claimant for the Nullity Action proceeding and a defendant in the Reduction Action proceeding, Mr. Cohen is a party to the Swiss Actions, making him an "interested person" for purposes of this 1782 application.  *See In re Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996)

#### 2.  <u>Mr. Cohen Seeks Discovery for Use in a Foreign Tribunal</u>

Second, Mr. Cohen seeks discovery—specifically, testimony and documents from Mr. Rothberg and Mr. Gardner relating to the Safra estate and certain family trusts—for use in two proceedings before a foreign tribunal: the Court of First Instance of the Canton of Geneva.  *See Intel*, 542 U.S. at 258; *see also In re Safra*, No. 21-MC-640, 2022 WL 3584541, at *1 (S.D.N.Y. Aug. 22, 2022) (granting 1782 application in connection with "Swiss testamentary proceedings contesting two wills").  A Section 1782 applicant's burden to show the relevancy of sought after discovery is "de minimis" and "the district court should be permissive."  *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010); *see also In re Application of Christen Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) ("because the Court is called upon only to resolve a discovery issue that arises

8

from underlying litigation in foreign jurisdictions, the court should be particularly wary of denying discovery on relevance grounds").

The information Mr. Cohen seeks from Mr. Rothberg and Mr. Gardner will be useful in the Swiss Actions because it will assist with the accounting and valuation of assets within and among the Safra estate and trusts and a determination of the rightful heirs.  That additional information will thus aid the eventual distribution of the Safra estate, making it centrally relevant in the Swiss Actions.

       3.  <u>Mr. Rothberg and Mr. Gardner Reside in This District</u>

Third, Mr. Rothberg and Mr. Gardner are both subject to this court's jurisdiction because they reside in this district.  Alston Decl. ¶¶ 5, 7

Accordingly, discovery from Mr. Rothberg and Mr. Gardner is authorized under Section 1782.

**C. The *Intel* Factors Further Support Discovery of Mr. Rothberg's and Mr. Gardner's Evidence**

The *Intel* factors also support granting the requested discovery.

       1.  <u>Mr. Rothberg and Mr. Gardner Are Not Parties to the Swiss Actions</u>

Mr. Rothberg and Mr. Gardner are neither parties to nor participants in the Swiss actions, and the Swiss court lacks jurisdiction to order them to produce discovery.  *In re Bloomfield Inv. Res. Corp.*, 2018 WL 6418421, at *4 (E.D.N.Y. Dec. 6, 2018); *see* Wilson Decl. ¶¶ 27–28.

       2.  <u>The Foreign Tribunal Is Receptive to Federal Court Assistance Under Section 1782</u>

As Swiss counsel attests, the Swiss courts are receptive to Section 1782 discovery.  *See* Wilson Decl. ¶¶ 32–33.  This court has previously held the same. *See In re Safra*, 2022 WL

3584541, at *5–6 (concluding this "factor weighs in [the applicant's] favor" because "it appears that the Swiss tribunal is likely to be receptive to this discovery"). Thus, the second *Intel* factor weighs in favor of granting Section 1782 discovery. *See id.* (observing that "the Second Circuit has instructed that district courts generally should err on the side of permitting the requested discovery" because of "the availability of corrective measures abroad," such as the foreign tribunal's ability to exclude evidence).

### 3.  Mr. Cohen Seeks This Discovery in Good Faith

The third discretionary *Intel* factor—whether the applicant is attempting to "circumvent foreign proof-gathering restrictions"—also favors discovery. That factor is meant merely to preclude bad faith abuse of process, such as "attempting to use foreign litigation as a ruse for obtaining discovery." *See In Re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (quoting *Glock v. Block, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015). Moreover, there is no requirement for a petitioner to seek discovery of materials from the foreign tribunal before filing a Section 1782 application. *Intel*, 542 U.S. at 253; *In re Bayer AG*, 146 F.3d at 196; *see also In re Safra*, 2022 WL 3584541, at *7 ("Section 1782 does not contain an exhaustion requirement that would impose upon an applicant a duty to first seek the requested discovery from the foreign court."). Petitioner's request for discovery in aid of the Swiss Actions, which concern his legitimate efforts to confirm the heirs to his mother's estate and ascertain the assets of that estate, is thus made in good faith and in satisfaction of the third *Intel* factor.

### 4.  The Requested Discovery Is Not Unduly Burdensome or Intrusive

Finally, Mr. Cohen's requests would not impose any undue burden on Mr. Rothberg and Mr. Gardner. *In re Bayer AG*, 146 F.3d at 195 ("Consistent with the statute's modest prima facie elements and Congress's goal of providing equitable and efficacious discovery procedures, district

courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application.").

Mr. Cohen seeks information from Mr. Rothberg and Mr. Gardner concerning only the Safra estate, certain family trusts, and testamentary documents.  These requests are narrowly tailored to produce relevant information for use in the Swiss Actions.  Mr. Rothberg and Mr. Gardner therefore cannot claim undue burden from these requests, which are limited in breadth and scope to documents and information they obtained as the current and former Trustee, respectively, of the Lily Safra Trust.  The fourth *Intel* factor thus also weighs in favor of discovery.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant his Section 1782 application and issue the requested subpoenas directing Mr. Rothberg and Mr. Gardner to produce documents and to appear for a deposition.


Dated: January 16, 2024                    **SUSMAN GODFREY L.L.P.**

                                           */s/ Shawn J. Rabin*
                                           Shawn Rabin
                                           Stephen Shackelford, Jr.
                                           Jordan Alston (*pro hac vice* application
                                           forthcoming)
                                           Susman Godfrey L.L.P.
                                           1301 Avenue of the Americas
                                           32nd Floor
                                           New York, NY 10019
                                           Telephone: 212-336-8330
                                           Facsimile: 212-336-8340
                                           srabin@susmangodfrey.com
                                           sshackelford@susmangodfrey.com
                                           jalston@susmangodfrey.com

                                           Glenn Bridgman (*pro hac vice* application

forthcoming)
Susman Godfrey L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-789-3100
Facsimile: 310-789-3150
gbridgman@susmangodfrey.com

*Attorneys for Petitioner Eduardo Cohen Watkins*