UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re Application of EDUARDO COHEN WATKINS for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | PROPOSED ORDER<br><br>Case No: 1:24-mc-22-JGK-RFT |

## [PROPOSED] ORDER REGARDING
## INSPECTION OF APARTMENT

THIS MATTER, having been opened to the Court by attorneys for Petitioner, and the proposed Order submitted to the Court without objection from respondent Richard Rothberg, Trustee ("Safra Trustee) of the Lily Safra 2012 Trust, for the inspection of certain real property in connection with a pending 28 U.S.C. § 1782 Proceeding Petitioner filed in the Southern District of New York, Case No.: 1:24-mc-22-JGK-RFT (the "**Proceeding**").

Petitioner and Respondent stipulate to the following facts and, as applicable, representations:

A. Petitioner Eduardo Cohen Watkins has sought and requested, in the Proceeding, an inspection of the apartment commonly known and described as 820 Fifth Avenue, Fourth Floor (the entire floor), New York, NY 10065 (the "**Apartment**");

B. Petitioner Eduardo Cohen Watkins and Respondent Safra Trustee have engaged in good faith negotiations to reach a consensual resolution of the inspection of the Apartment (the "**Inspection**") and the Proceeding, itself;

C. The Lily Safra 2012 Trust (the "**Trust**") owns the Apartment;

D. Respondent has represented that, other than monies held in one or more accounts to fund the maintenance and upkeep of the Apartment, the Apartment is the sole and exclusive asset of the Trust and neither the Trust (nor the Safra Trustee) owns or control any of the personal property located within the Apartment;

E. Petitioner has requested an Inspection of the Apartment;

F. Respondent represents that the Executors of the Estate of Lily Safra (the "**Estate**") organize and control security at the Apartment.

G. Upon notice of a request for the Inspection being given, the Estate, a third-party trust (the "**TP Trust**") and certain beneficiaries of the Estate (the "**Beneficiaries**") claimed an interest in certain property located within the Apartment. Subject to certain

conditions being satisfied, all of which are set forth below and none of which the Estate insisted upon being incorporated into an Order, the Estate, the TP Trust and the Beneficiaries have consented to the Inspection

H.  Neither Petitioner, nor the Safra Trustee takes a position as to whether the Estate, the TP Trust or the Beneficiaries has any authority to impose any conditions on an Inspection of the Apartment by Petitioner;

IT IS on this _____ day of _____, _____, ORDERED as follows:

1.      The Respondent shall make the Apartment available to Petitioner for an Inspection on the following terms and conditions:

    a.      Petitioner and his counsel and the Safra Trustee and his counsel shall be permitted to attend the Inspection. The Estate and the TP Trust, by a single representative each, may attend the Inspection.

    b.      The Safra Trustee shall have complete control over and exercise unqualified discretion for coordinating with the Estate and determining and establishing the appropriate security for the Apartment during the Inspection. Security will be present during the entire Inspection. The Parties will not be permitted to use or carry phones or cameras during the Inspection. No handling, touching, or moving any personal property inside of the Apartment will be permitted.

    c.      Neither any Party, nor any representative attending the Inspection shall be permitted to photograph any personal property contained within the Apartment. In the event that Petitioner wishes to have a photograph of any personal property located in the Apartment, he or his counsel shall notify the Trustee, who will, subject to confirmation from the Estate, the TP Trust and the Beneficiaries that he has an interest in such property, arrange for imaging of same.

    d.      The Inspection shall be a one-time visit of a reasonable length of time (not expected to exceed 1.5 hours) to the Apartment. No further or future visits are permitted under this Order. Petitioner reserves all rights to request additional visits, including on different terms.

    e.      The Inspection shall be scheduled for February 13, 2025, and if it does not occur by such date will occur by or before February 27, 2025.

2.      Confidentiality and Nondisclosure. Except as otherwise permitted herein, the Parties and their counsel (per Section 1(a)) shall maintain the confidentiality of this matter and any information obtained or procured through or as a result of the Inspection ("**Information**"). Petitioner shall not use or disclose any Information, except: (a) for purposes of the foreign litigation pursuant to which the Proceeding was commenced, namely proceedings C/16641/2023

and C/18590/2023 brought before the Courts of Geneva, Switzerland (the "**Swiss Actions**"), (b) for purposes of another matter or proceeding in which the Information has already been publicly disclosed through no wrongdoing by Petitioner, (c) under seal to support a motion pursuant to Section 3 of this Order; (d) for disclosure to his family members, counsel, accountants, or other professionals retained by him in connection with the Swiss Actions, and then only to the extent they are bound by restrictions on use and disclosure at least as stringent as those contained herein; (e) as required by law; or (f) as otherwise authorized by the protective order in the Proceeding.

3.      Use of Confidential Information: Nothing herein prevents Petitioner from, on notice to Respondent Safra Trustee and U.S. counsel for the Estate, and upon good cause shown, based upon, for example, information unknown to the Petitioner at the time this Order is entered, from seeking a court order lifting or modifying the restrictions on use or disclosure contained herein in an appropriate case. Nothing herein prevents the Parties, or any other interested person or entity from opposing any such relief. Further, nothing herein shall prevent any Party from, disclosing the Information to their attorney, or any attorney or representative (per Section 1(a)) from disclosing the Information to their principal (who is a Party) or to their principal's attorney.

4.      Effective Date: This Order is effective upon it being "So, Ordered" by the Court.

5.      Notices: All notices, requests, and demands (each, a "Notice") required by this Order shall be in writing and addressed to each other Party's counsel. Each Party shall deliver all Notices by e-mail, without notice of such e-mail having been rejected.

Dated: New York, New York
      February 12, 2025

SO ORDERED

**ROBYN F. TARNOFSKY**
**UNITED STATES MAGISTRATE JUDGE**